**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| John Ptacek, Jr., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:22-cv-630 |
| | ) | | |
| TransUnion, LLC, and Cortrust Bank, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**COMPLAINT**

Plaintiff, John Ptacek, Jr., brings this action under the Fair Credit Reporting Act,

15 U.S.C. § 1681, et seq. ("FCRA"), for a finding that TransUnion, LLC's ("TransUnion")

and Cortrust Bank's ("Cortrust") actions violated the FCRA, and to recover damages,

and alleges:

**JURISDICTION & VENUE**

1.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681,

et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2.      Venue is proper in this district because a) the acts and transactions

occurred here, b) Plaintiff resides here, b) TransUnion resides here; and c) both

Defendants transact business here.

**PARTIES**

3.      John Ptacek, Jr. (hereinafter, "Plaintiff"), is an individual who was at all

relevant times residing in the City of Hickory Hills, County of Cook, State of Illinois.

4.      At all relevant times, Plaintiff was a "consumer" as that term is defined by

15 U.S.C. §1681a(c).

5.      TransUnion, LLC ("TransUnion") regularly conducts business throughout the United States, including the State of Illinois.

6.      At all relevant times TransUnion was a "person" as that term is defined by 15 U.S.C. §1681a(b).

7.      At all relevant times TransUnion was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

8.      Cortrust Bank ("Cortrust") is a business entity that regularly conducts business throughout the United States, including the State of Illinois.

9.      At all relevant times, Cortrust was a "person" as that term is defined by 15 U.S.C. §1681a(b).

10.     At all relevant times, "credit reports," as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## FACTUAL ALLEGATIONS

11.     On August 7, 2019, Plaintiff filed for Chapter 7 bankruptcy protection in the Northern District of Illinois, Eastern Division. Included in his bankruptcy petition was a debt he owed to Cortrust Bank, see, excerpts from Mr. Ptacek's Bankruptcy Petition, attached as Exhibit A.

12.     On or about August 8, 2019, Plaintiff's creditors, including Cortrust Bank, received notice that Mr. Ptacek had filed for bankruptcy. Cortrust was sent notice by U.S. Mail on August 10, 2019, see, Certificate of Notice for Bankruptcy Filing, attached as Exhibit B.

13.     On November 26, 2019, a Discharge Order was entered as to the Plaintiff's debts, and on November 28, 2019, Cortrust was sent notice of the Plaintiff's

discharge, see, Order of Discharge, attached as Exhibit C.

14.     TransUnion was also well aware that Plaintiff had filed for bankruptcy and discharged his debt obligation because it noted that discharge on his credit report as to the creditors who furnished it information.

15.     On September 28, 2021, Plaintiff reviewed his credit report and saw that Defendants had continued reporting derogatory and inaccurate statements and information regarding the Cortrust account on his credit history to third parties despite the account having been discharged in his bankruptcy in 2019 (hereinafter the "inaccurate information").

16.     Plaintiff was very surprised, alarmed and emotionally distressed because he believed that his credit score should have improved after his bankruptcy.

17.     The inaccurate information are accounts, or trade-lines, from Cortrust.

18.     Specifically, Cortrust reported to TransUnion the account on Plaintiff's credit report with a negative payment history in September 2021. The only account he had with Cortrust was discharged in Plaintiff's Chapter 7 bankruptcy in 2019.

19.     Despite the account Plaintiff had with Cortrust being discharged in his Chapter 7 bankruptcy in 2019, TransUnion has disseminated credit reports and/or information that the Plaintiff still had an account with Cortrust and that the account had a charge off balance that was still due and owing.

20.     The inaccurate information negatively reflects upon Plaintiff, his credit repayment history, Plaintiff's financial responsibility as a debtor, and his credit worthiness. Moreover, the negative payment history negatively impacted Plaintiff's FICO score.

21.     Credit reports containing the inaccurate information have been and continue to be disseminated to various credit grantors, both known and unknown.

22.     On October 7, 2021, Plaintiff disputed the inaccurate information with TransUnion in writing, following TransUnion's established procedure for disputing consumer credit information. The inaccurate information he disputed was the account with Cortrust that had a negative payment history in September 2021, even though the account with Cortrust had been discharged through his bankruptcy in 2019. Plaintiff's dispute included a copy of his bankruptcy discharge order, see, October 7, 2021 Dispute Letter, attached as Exhibit D.

23.     Plaintiff received a confirmation letter from TransUnion for his dispute.

24.     After Plaintiff disputed the inaccurate information, TransUnion notified Cortrust of Plaintiff's dispute and the nature of the dispute.

25.     TransUnion received the results of Cortrust's investigation as to Plaintiff's dispute.

26.     TransUnion updated the reporting of the account solely based upon the information it received from Cortrust in response to Plaintiff's dispute.

27.     In a letter dated, November 17, 2021, TransUnion notified Plaintiff that Cortrust certified the inaccurate information as "VERIFIED AS ACCURATE", see, Dispute Response Letter, attached as Exhibit E.

28.     Notwithstanding Plaintiff's efforts, TransUnion continued to publish and disseminate such inaccurate information to other third parties, Cortrust and credit grantors on his debt that had been discharged in his bankruptcy in 2019, see, excerpts of Plaintiff's December 10, 2021, TransUnion credit report, attached as Exhibit F.

4

29.     Accordingly, Plaintiff had to go through the time and expense of having to send Defendants on January 21, 2022, yet another letter demanding that Defendants correct the inaccurate information that he had previously disputed; specifically, that the account with Cortrust was "UNPAID BALANCE CHARGED OFF", and that it continued to report that he had a negative payment history in October 2021, even though the account had been discharged through his bankruptcy, see, January 21, 2022 Dispute Letter, attached as Exhibit G.

30.     Plaintiff did not get his fresh start from his bankruptcy discharge. Even though all his debts were discharged in bankruptcy, the FICO score and credit report did not reflect this and were both negatively affected by incorrect information. When Plaintiff discovered that he had not gotten his fresh start after going through the stress and trouble of bankruptcy, he was worried, concerned, and frustrated. He suffered emotional distress after finding out that Cortrust has continued to fail to note that the debt had been discharged in bankruptcy, but instead continues to report that the debt as "unpaid balance charged off", which makes it appear that it is still due and owing. TransUnion also continues to release incorrect information about him; moreover, Defendants would not correct their error.

31.     Plaintiff's credit reports and file have been obtained from Defendant TransUnion and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown, and from receiving more favorable terms in financing and interest rates for credit offers that were ultimately made.

32.     All these actions complained of herein occurred within two years of the date of this complaint.

## COUNT I
### Violation Of § 1681n and §1681o Of The FCRA –
### Willful Noncompliance with the Duty to
### Report Accurate Information in Consumer Reports

33.     Plaintiff adopts and realleges ¶¶ 1-32.

34.     Plaintiff brings Count I solely against Defendant TransUnion.

35.     Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable re-investigations of the above dispute, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information as required by the FCRA §1681i, and has continued to report the derogatory inaccurate information about Plaintiff.

36.     As a result of TransUnion's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

37.     At all times, TransUnion was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of TransUnion.

38.     At all times, the conduct of TransUnion, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

39.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TransUnion is liable to Plaintiff for the following:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, in violation of 15 U.S.C. §1681e(b).

40. The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II**
**Violation Of § 1681s-2(b) Of The FCRA**
**Duty of Furnishers to Provide Accurate Information**

41. Plaintiff adopts and realleges ¶¶ 1-32.

42. Plaintiff brings Count II solely against Defendant Cortrust.

43. Cortrust violated sections 1681n and 1681o of the FCRA by doing the following, which violates 15 U.S.C. §1681s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from TransUnion;

b.   willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by TransUnion;

c.   willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d.   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.   willfully and negligently continuing to furnish and disseminate in accurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

f.   willfully and negligently failing to comply with the requirements imposed on Cortrust of information pursuant to 15 U.S.C. §1681s-2.

44.   Cortrust's conduct was a direct and proximate cause, as well as a substantial fact, in causing the injuries, damages and harm to Plaintiff that are outlined above, and as a result, Cortrust is liable to compensate Plaintiff for statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, John Ptacek, Jr., by and through his attorneys, respectfully prays for judgment in his favor and against TransUnion, LLC and Cortrust Bank as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages:

c.   Punitive damages;

d.    Plaintiff's attorneys' fees and costs; and,

e.    Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Plaintiff, John Ptacek, Jr., demands trial by jury.

John Ptacek, Jr.,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  February 3, 2022

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com